SOUSIE LEWIS, INDIVIDUALLY AND AS ASSIGNEE FOR
HATTIE FOSS, PLAINTIFF-APPELLEE, v. MORRIS
REALTY COMPANY, INCORPORATED, DEFENDANT-AP-
PELLANT.

Submitted January 6, 1925—Decided April 13, 1925.

**Sale of Real Estate—Agents' Commissions—Commission Contin-
gent Upon Delivery of Deed—Sale Never Consummated—
Agent Cannot Retain Commission.**

On appeal from the Orange District Court.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellee, *Abraham M. Herman.*

For the appellant, *Anderson, Ingham & Massey.*

PER CURIAM.

The Morris Realty Company, Incorporated, appeals from
a judgment rendered against it in the Orange District Court.
The suit was to recover part of a sum of money which Sousie
Lewis, the plaintiff in the court below, had paid to the de-
fendant on account of the purchase of premises No. 94 South
Fourteenth street, Newark. The property was owned by
Hattie Foss. The inception of the relation of the parties
began with an agreement dated September 4th, 1923, between
the plaintiff and the Morris Realty Company, Incorporated,
whereby the Morris company was authorized by the plaintiff
to purchase the premises in question on certain terms therein
named. On the same day an addenda to this agreement was
signed by the vendors wherein they agree to pay to the Mor-
ris company a commission "on the date of signing agreement
of sale." Subsequently, on September 8th, an agreement was
entered into between Hattie Foss the owner as vendor, and
Sousie Lewis as vendee, for the conveyance of the property
on the terms specified in the defendant's authority from

Sousie Lewis. In this agreement of sale the commission clause was modified to read that "said commission was to be paid upon delivery of deed."

Of the sum paid to the Morris company $202.50 was paid over to the vendor, the Morris company retaining $297.50. The agreement of sale was not carried out, but was rescinded by the parties, and the sum received by Mrs. Foss returned to the plaintiff. By assignment, Hattie Foss assigned all her right, title and interest in the $297.50 retained by the defendant to Sousie Lewis, the plaintiff. The trial judge, sitting without a jury, gave judgment for the plaintiff in the sum of $297.50. We think this judgment should not be disturbed. It will be observed that a commission was not to be paid except upon delivery of the deed. The situation was that the defendant had received the sum of $500 on account of the purchase-money of the property as the agent of the owner. Upon receipt of this sum it was the duty of the Morris company to pay the amount over to its principal, Mrs. Foss. Not having done so, the right to the payment became vested in Mrs. Foss, and could lawfully be assigned to the plaintiff. Being thus assigned, it was incumbent on the Morris company to establish its right to retain the fund in its hands as against Mrs. Foss. This, we think, the trial judge was justified in holding that it failed to do under the facts of the case. The contingency on which the commission was to become payable never arrived. In the case of *Leschziner* v. *Bauman*, 83 *N. J. L.* 743, it was held by the Court of Errors and Appeals that—

"A contract with real estate brokers for the payment of a commission for the sale of certain real estate, to be paid 'on the day of passing title, or July 15th,' is a contract based upon the contingency of the sale of the property and the passing of title to the purchaser procured by the agents. In the absence of proof of the fulfillment of that contingency a direction of a verdict for the defendant was held to be correct."

The judgment will be affirmed.